UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ABRAHAM CALDERON, Plaintiff,<br><br>v.<br><br>THE VILLAGE OF BRIDGEVIEW, ILLINOIS, et al.,<br><br>Defendants. | Case No. 1:18-cv-08277<br><br>Honorable Judge John Z. Lee |

**SECOND JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, Plaintiff, Abraham Calderon, by and through his counsel, submits the following Second Joint Initial Status Report:

**I.     The Nature of the Case:**

    **A.     Attorneys of Record**

*Counsel for Plaintiff Abraham Calderon*

**James C. Vlahakis**
Sulaiman Law Group, Ltd.
2500 S. Highland, Ave., Suite 200
Lombard, IL 60148
(630) 575-8181
jvlahakis@sulaimanlaw.com

*Defendant Mike Bubacz (formerly named as the "Unknown Soccer Security Agent")*

**No attorney of record at this time as Defendant Bubacz Remains unserved.**

1

*Counsel for Defendant Nelson Rodriguez*

Raj N. Shah
Kenneth L. Schmetterer
R. Matthew Hiller
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: (312) 368-2176/2198
raj.shah@dlapiper.com
kenneth.schmetterer@dlapiper.com
matt.hiller@dlapiper.com

*Counsel for Monterrey Security
Consultants, Inc. Jesse Ortiz,
Daniel Nesis, Terry Thompson, Genevieve Marie
LaFevour, Village of Bridgeview,
Illinois, Village of Bridgeview Illinois,
Police Officer, C. Pell, Star No. 25, Mark Kraft
and Cesar Perez*

**Ramses Jalalpour**
**Joseph R. Marconi**
Johnson & Bell
33 West Monroe St., Suite 2700
Chicago, IL 60603-5404
312-372-0700
jalalpourr@jbltd.com
marconij@jbltd.com

B.    **Jurisdiction**

This action arises under and is brought pursuant to the 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986.

C. **Nature of the Claims Asserted**

Plaintiff originally filed suit on December 17, 2018, arising out of Plaintiff's arrest for battery following a soccer match on May 20, 2018. Plaintiff filed a First Amended Complaint on January 4, 2019 (Dkt. 17), and a Second Amended Complaint on February 21, 2019 (Dkt. 45). Plaintiff filed a Fifteen (15) Count Third Amended Complaint ("TAC") on April 27, 2019. Dkt. 71.

**Count I** asserts a 4th Amendment based False Arrest claim against Defendants Jesse Ortiz

2

and Daniel Nesis who were employees of Defendant Monterrey Security Consultants, Inc. ("Monterrey Security"), and Village of Bridgeview Police Officer, C. Pell, Star No. 25.

**Count II** asserts a state law False Arrest claim against Defendants Jesse Ortiz and Daniel Nesis and Village of Bridgeview Police Officer, C. Pell, Star No. 25.

**Counts III** and **IV** are filed pursuant to 42 U.S.C. §§ 1981, 1982 against Defendants Ortiz, Nesis and Nelson Rodriguez and generally asserts that these Defendants treated Plaintiff differently based on Plaintiff's Hispanic origin.

**Count V** is filed pursuant to 42 U.S.C. § 1985(3) and asserts a discrimination claim against Defendants Ortiz, Nesis and Rodriguez on the basis of Plaintiff's Hispanic origin.

**Count VI** is filed pursuant to 42 U.S.C. § 1986 and asserts a Failure to Intervene claim against Defendants Rodriguez, Babacz, Nesis, and LeFevour.

**Count VII** asserts a "class of one" equal protection based claim against Defendants Ortiz, Thompson and Nesis.

**Count VIII** asserts a 4th Amendment based claim of Excessive Force against Defendant Kraft, named previously as an Unknown Male Employee.

**Count IX** asserts a state law battery claim against Defendant Kraft.

**Count X** asserts a *respondeat superior* claim against the Village of Bridgeview.

**Count XI** asserts a state law battery claim against Defendant Perez, named previously as an Unknown Male Monterrey Employee No. 233.

**Count XII** asserts a state law battery claim against Defendant Thompson.

**Count XIII** asserts a malicious prosecution claim against Defendants Ortiz, Nesis, and LeFevour.

**Count XIV** asserts as state law claim for intentional infliction of emotional distress against Defendants Perez, Ortiz, Nesis, LeFevour and Rodriguez.

**Count XV** asserts a *respondeat superior* claim against Monterrey Security for the conduct of Defendants Nesis, Ortiz, Perez and Thompson.

**D. Statement of Major Legal and Factual Issues:**

**Plaintiff's Statement of Major Legal and Factual Issues**

(i)    whether Plaintiff was battered and had his civil rights violated;

(ii) whether Defendants purposefully failed to maintain all security camera evidence and/or withheld video evidence to influence the wrongful prosecution of Plaintiff;

(iii) whether Defendants Rodriguez, Bubcaz, Nesis and LeFevour knew that Plaintiff did not batter Defendant Ortiz and failed to stop Plaintiff's wrongful prosecution;

(iv) can the Village claim it is without sufficient knowledge to either admit or deny whether "there is other security camera video footage from May 20, 2018, that currently exists, but was not been tendered to Plaintiff and the prosecutor during the pendency of Plaintiff's criminal case.";

(v) whether Defendant Rodriguez reviewed cellular phone and security camera videos from May 20, 2018, and whether he was legally obligated to forward the videos to the prosecutor;

(vi) whether Defendant Kraft can deny that he "acted under color of law" when he tripped Plaintiff;

(vii) whether "Plaintiff committed multiple acts of illegal and reprehensible nature prior to his altercation with [Kraft]" and whether Kraft has any basis to allege that "Plaintiff [allegedly] struck Defendant Jesse Ortiz in the head" as alleged in Kraft's Third Affirmative Defense;

(viii) whether Monterrey and the Village are liable under *respondeat superior* for the actions or omissions of their employees.

### Defendant Rodriguez's Statement of Issues

(i) whether Plaintiff's allegations against Rodriguez state a claim;

(ii) whether Plaintiff's allegations were well grounded in fact, made in good faith, supported by law, and made after a reasonable inquiry ;

(iii) whether Rodriguez had an agreement or joined any conspiracy alleged;

(iv) whether Rodriguez had any knowledge of any of the alleged wrongdoing or conspiracy;

(v) whether Rodriguez took any improper action related to the Chicago Fire's temporary suspension of plaintiff to attend Fire events as a result of any racial animus or discriminatory intent;

(vi) whether Rodriguez had any ability, authority, or mechanism to intervene in Plaintiff's criminal prosecution to affect or influence the prosecutors or any witnesses;

EAST\164676884.1

(vii)  whether Rodriguez is a state actor or something other than a "mere private citizen" as alleged;

(viii) whether disciplined imposed by the Chicago Fire or interactions between the Chicago Fire and one of its supporters group has any relevance to this litigation;

(ix)  whether Plaintiff can litigate compliance with a state subpoena in Federal court, especially when Plaintiff did not litigate compliance in the state court issuing the subpoena; and

(x)  whether Mr. Rodriguez is entitled to attorneys' fees or other relief under 42 U.S.C. § 1988 for having to defend against frivolous claims.

**Defendants Village of Bridgeview, Officer C. Pell, Mark Kraft, Genevieve Marie Lefevour, Daniel Nesis, Jesse Ortiz, Cesar Perez and Terry Thompson's Statement of Issues**

(i)  whether Plaintiff struck Ortiz;

(ii)  whether Ortiz and Nesis had probable cause to have Plaintiff detained on suspicion of battery;

(iii)  whether Ortiz and Nesis were acting under color of state law;

(iv)  whether Officer Pell had probable cause to arrest Plaintiff;

(v)  whether Nesis and Ortiz acted with racial animus;

(vi)  whether there was any conspiracy between Nesis, Ortiz, and Rodriguez to violate Plaintiff's rights on the basis of his race or national origin;

(vii)  whether Plaintiff's claim of personal animus by Ortiz, Nesis, and Thompson against Plaintiff is founded;

(viii) whether Nesis or LeFevour had an obligation or the authority to stop Plaintiff's criminal prosecution;

(ix)  whether Thompson or Kraft used excessive force against Plaintiff; and

(x)  whether these Ortiz, Nesis, and LeFevour are entitled to attorneys' fees under 42 U.S.C. § 1988 for having to defend against a frivolous lawsuit.

**E. Relief Sought by Plaintiff:**

Plaintiff seeks monetary compensation and punitive damages, as well as reasonable attorney's fees and costs for the misconduct alleged in the TAC.

EAST\164676884.1

II.     **Pending Motions and Case Plan:**

    A.    **Date of Second Initial Status Hearing -** June 5, 2019 at 9:00 AM.

    B.    **Pending Motion(s):** Defendants Genevieve Marie Lefevour, Daniel Nesis, Jesse Ortiz, Cesar Perez and Terry Thompson have moved to dismiss Counts I, II, III, IV, V, VI, VII, XIII, and XIV of the TAC. Dkt. 74. Defendants Monterrey, Cesar Perez and Terry Thompson have moved to stay answering Counts XI, XII, and XV of the FACT which assert the following state law claims XI (for battery against Perez), Count XII (for battery against Thompson) and Count XV (for *respondeat superior* against Monterrey, based in part, on the battery claims against Thompson and Perez). Dkt. 77. Defendant Rodriguez has moved to dismiss the TAC. Dkt. 80.

    C.    **Proposed Discovery Plan:**

**Plaintiff's Proposed Discovery Plan**

1. **Type of discovery needed:** traditional discovery, such as written communications, memorandums, police records, emails, text messages, voice message, factual evidence in the forms of photographs and digital video recordings, as well as witness and corporate representative depositions.

2. **Date to Issue Written Discovery:** as early the parties see fit.

3. **Deadline for Amended Pleadings:** September 5, 2019, four (4) months from the parties' June 5, 2019, status date.

4. **Fact Discovery Deadline:** March 5, 2020, nine (9) months to complete fact discovery from the parties' June 5, 2019, status date.

5. **Expert Discovery Deadline:** Depositions in order of production of reports, and completed by June 5, 2020 (if the parties engage in expert discovery. The party or parties that desires to present an expert to support a claim or defense will be the first to disclose, with the responding party or parties providing a rebuttal report thirty (30) days later.

6. **Dispositive Motions Deadline:** Friday, March 5, 2020, if no expert discovery is undertaken. June 5, 2020, if the parties engage in expert discovery.

**Defendants' Opposition to Plaintiff's Discovery Plan**

The defendants' position is that they should not be required to incur the burden and expense of responding to discovery while there is a motion to dismiss pending. The defendants disagree with the schedule proposed by Plaintiff and respectfully request that any remaining parties appear before the Court at the Court's earliest convenience following the Court's rulings on motions to dismiss for the entry of an order addressing discovery scheduling.

Plaintiff should be precluded from further amending his complaint other than to dismiss claims or defendants.

### Plaintiff's Response to Defendants' Opposition to Plaintiff's Discovery Plan

It is Plaintiff's position that discovery should proceed despite the filing of motions to dismiss the TAC and despite the strongly worded defenses raised by the defendants.

**D. Trial**

1. Plaintiff has requested a Jury Trial.

2. Plaintiff anticipates that a trial may take up to five days (inclusive of voir dire). Defendants do not believe the claims against them will survive to trial, but if all claims against all defendants were to move forward as alleged in the TAC, a trial would take five to ten days, if eleven (11) defendants proceed to trial.

**III.     Consent to Proceed Before a US Magistrate Judge:**

There is no universal agreement to consent to the Magistrate Judge.

**IV.     Status of Settlement Discussions**

A. Settlement discussion have occurred.

B. On March 14, 2019, Plaintiff tendered a settlement proposal to counsel for Monterrey Security Consultants, Inc. Jesse Ortiz, Daniel Nesis, Terry Thompson, Genevieve Marie LaFevour, Village of Bridgeview, Illinois, Village of Bridgeview Illinois, Police Officer, C. Pell, Star No. 25, Mark Kraft and Cesar Perez. Counsel for the above Defendants did not response. No formal settlement negotiations have occurred between Plaintiff and Defendant Rodriguez.

C. Plaintiff requests a settlement conference before the assigned magistrate judge. Defendants do not consent to a settlement conference.

**Jointly submitted by:**

*Counsel for Plaintiff Abraham Calderon*

*/s/ James C. Vlahakis*
Sulaiman Law Group, Ltd.
2500 South Highland Ave. Suite 200
Lombard, IL 60148
630-575-8181
jvlahakis@sulaimanlaw.com

*Counsel for Defendant Nelson Rodriguez*

Raj N. Shah
Kenneth L. Schmetterer
R. Matthew Hiller
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
(312)368-2176/2198
raj.shah@dlapiper.com
kenneth.schmetterer@dlapiper.com
matt.hiller@dlapiper.com

*Counsel for Monterrey Security
Consultants, Inc. Jesse Ortiz,
Daniel Nesis, Terry Thompson, Genevieve Marie
LaFevour, Village of Bridgeview,
Illinois, Village of Bridgeview Illinois,
Police Officer, C. Pell, Star No. 25, Mark Kraft
and Cesar Perez*

**Ramses Jalalpour**
**Joseph R. Marconi**
Johnson & Bell
33 West Monroe St., Suite 2700
Chicago, IL 60603-5404
312-372-0700
jalalpourr@jbltd.com
marconij@jbltd.com